UNITED STATE DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

---

ELIZABETH SWANSON and WALTER SWANSON,

                       Plaintiffs,

-against-

ASTRAL CARRIER, INC., ASTRAL INDUSTRIES, INC., MICHAEL D. DISHMAN, and VENTURA ELISEO GONZALEZ,

                       Defendants.

**COMPLAINT**

---

The Plaintiffs, ELIZABETH SWANSON and WALTER SWANSON, as and for their Complaint, complaining of the Defendants, ASTRAL CARRIER, INC., ASTRAL INDUSTRIES, INC., MICHAEL D. DISHMAN, and VENTURA ELISEO GONZALEZ, do hereby respectfully allege and show to the Court the following:

## THE PARTIES

1. At all times hereinafter alleged, the Plaintiff, Elizabeth Swanson, resided in Ulster County, New York.

2. At all times hereinafter alleged, the Plaintiff, Walter Swanson, resided in Ulster County, New York.

3. Upon information and belief, at all times hereinafter alleged, the Defendant, Astral Carrier, Inc., was a business corporation duly organized and existing under the laws of Indiana, with its principal place of business located at 7375 South U.S. Highway 27, Lynn, Indiana.

4. Upon information and belief, at all times hereinafter alleged, the Defendant, Astral Carrier, Inc., conducted business as a full-service transportation carrier with a vehicle fleet for hire.

5. Upon information and belief, at all times hereinafter alleged, the Defendant, Astral Industries, Inc., was a business corporation duly organized and existing under the laws of Indiana, with its principal place of business located at 7375 South U.S. Highway 27, Lynn, Indiana.

6. Upon information and belief, at all times hereinafter alleged, the Defendant, Astral Industries, Inc., operated as a full-service transportation carrier with a vehicle fleet for hire.

7. Upon information and belief, at all times hereinafter alleged, the Defendant, Michael D. Dishman, resided at 1713 Midland Drive, Franklin, Indiana.

8. Upon information and belief, at all times hereinafter alleged, the Defendant, Ventura Eliseo Gonzalez, resided at 72 N Beckman Court, Dallas, GA 30132.

## JURISDICTION AND VENUE

9. This court has diversity jurisdiction pursuant to 28 UCS § 1332(a)(1).

10. Venue is proper in this judicial district pursuant to 25 USC § 1391(b)(1).

## SUMMARY OF FACTS

11. At all times hereinafter alleged, the Plaintiff, Walter H. Swanson, was operating a 2017 Volkswagen Passat bearing New York State Registration Plate Number HJK3162, for the then current period of registration.

12. At all times hereinafter alleged, the Plaintiff, Elizabeth Swanson, was a belted front-seat passenger in the 2017 Volkswagen that was being operated her husband, Walter H. Swanson.

13. Upon information and belief, at all times hereinafter alleged, the Defendant, Astral Carrier, Inc., was the registered owner of a 2016 Kenworth Tractor bearing Indiana Registration Plate Number 2175745, for the then current period of registration.

14. Upon information and belief, at all times hereinafter alleged, the Defendant, Astral Carrier, Inc., was the registered owner of a trailer bearing Indiana Plate Number P12600, for the then current period of registration.

15. Upon information and belief, at all times hereinafter alleged, the Defendant, Astral Industries, Inc., was the registered owner of a 2016 Kenworth Tractor bearing Indiana Registration Plate Number 2175745, for the then current period of registration.

16. Upon information and belief, at all times hereinafter alleged, the Defendant, Astral Industries, Inc., was the registered owner of a trailer bearing Indiana Plate Number P12600, for the then current period of registration.

BASCH & KEEGAN, LLP, 307 CLINTON AVENUE, P.O. BOX 4235, KINGSTON, N.Y. 12402

17. At all times hereinafter alleged, the Defendant, Michael D. Dishman, was operating the 2016 Kenworth Tractor bearing Indiana Registration Plate Number 2175745.

18. At all times hereinafter alleged, the trailer bearing Indiana Registration Plate Number P12600 was attached to the Kenworth Tractor that was being operated by the Defendant, Michael D. Dishman.

19. Upon information and belief, at all times hereinafter alleged, the Defendant, Michael D. Dishman, was operating the 2016 Kenworth Tractor with the permission and consent, whether implied or express, of its registered owner, Astral Carrier, Inc.

20. Upon information and belief, at all times hereinafter alleged, the Defendant, Michael D. Dishman, was operating the 2016 Kenworth Tractor with the permission and consent, whether implied or express, of its registered owner, Astral Industries, Inc.

21. Upon information and belief, at all times hereinafter alleged, the Defendant, Michael D. Dishman, was an employee of the Defendant, Astral Carrier, Inc.

22. Upon information and belief, at all times hereinafter alleged, the Defendant, Michael D. Dishman, was an employee of the Defendant, Astral Industries, Inc.

23. At all times hereinafter alleged, the Defendant, Michael D. Dishman, was a subcontractor of the Defendant, Astral Carrier, Inc.

24. At all times hereinafter alleged, the Defendant, Michael D. Dishman, was a subcontractor of the Defendant, Astral Industries, Inc.

25. At all times hereinafter alleged, the Defendant, Michael D. Dishman, was an agent of the Defendant, Astral Carrier, Inc.

26. At all times hereinafter alleged, the Defendant, Michael D. Dishman, was an agent of the Defendant, Astral Industries, Inc.

27. At all times hereinafter alleged, the I-75 Expressway in Cobb County, Georgia, was and still is a public thoroughfare.

28. At all times hereinafter alleged, and specifically on March 4, 2020, the Defendant, Ventura Eliseo Gonzalez, owed the Plaintiff a duty of reasonable care to operate his vehicle in a reasonably safe manner.

29. On March 4, 2020, the Defendant, Ventura Eliseo Gonzalez, breached his duty of reasonable care by failing to operate his vehicle in a reasonably safe manner.

30. At all times hereinafter alleged, and specifically on March 4, 2020, the Defendant, Michael D. Dishman, owed the Plaintiff a duty of reasonable care to operate his tractor with attached trailer in a reasonably safe manner.

31. On March 4, 2020, the Defendant, Michael D. Dishman, breached his duty of reasonable care by failing to operate his Kenworth Tractor with attached trailer in a reasonably safe manner.

32. At all times hereinafter alleged, and specifically on March 4, 2020, the Defendant, Astral Carrier, Inc., owed the Plaintiff a duty of reasonable care to entrust the Kenworth Tractor with attached trailer to individuals qualified to operate a tractor with attached trailer.

33. At all times hereinafter alleged, and specifically on March 4, 2020, the Defendant, Astral Industries, Inc., breached its duty of reasonable care by entrusting its tractor with attached trailer to an unqualified driver, namely Michael D. Dishman.

34. At all times hereinafter alleged, and specifically on March 4, 2020, the Defendant, Astral Industries, Inc., owed the Plaintiff a duty of reasonable care to entrust the Kenworth Tractor with attached trailer to individuals qualified to operate a tractor with attached trailer.

35. At all times hereinafter alleged, and specifically on March 4, 2020, the Defendant, Astral Industries, Inc., breached its duty of reasonable care by failing to operate its transportation business in a reasonably safe manner.

36. As a result of the Defendants' negligence, the Plaintiffs, Elizabeth Swanson and Walter Swanson, became involved in a three-vehicle, motor vehicle accident.

37. As a result of the Defendants' negligence, the Plaintiff, Elizabeth Swanson, suffered serious bodily injury, conscious pain and suffering, and medical expenses.

38. As a result of the Defendants' negligence, the Plaintiff, Walter H. Swanson, suffered bodily injury, conscious pain and suffering, and medical expenses.

39. The Defendants, Astral Carrier, Inc., Astral Industries, Inc., Michael D. Dishman, and Ventura Eliseo Conzalez, are jointly and severally liable to the Plaintiffs for their injuries and damages.

## DERIVATIVE CLAIM

40. The Plaintiffs repeat, reiterate and reallege each and every allegation in those paragraphs marked and designated "1" through "39", inclusive, with the same force and effect as though fully set forth herein at length.

41. At all times hereinafter alleged, the Plaintiffs, Elizabeth Swanson and Walter Swanson, were lawfully married.

42. At all times hereinafter alleged, the Plaintiffs, Elizabeth Swanson and Walter Swanson, resided together at their marital residence.

43. As a result of the Defendants' negligence, the Plaintiff, Walter Swanson, was forced to render extra care, aide, and attention to his wife, Elizabeth Swanson, in an effort to heal and support her during her recovery.

44. As a result of the Defendants' negligence, the Plaintiff, Walter Swanson, sustained a loss of consortium, loss of services, loss of support, and loss of affection of his wife, Elizabeth Swanson.

## JURY DEMAND

45. The Plaintiffs respectfully request a jury trial.

WHEREFORE, the Plaintiffs, Elizabeth Swanson and Walter Swanson, demand a monetary judgment against the Defendants, jointly and severally, on each cause of action in an amount to be determined at the time of trial the amount of which should not be less than $75,000.00, together with the costs and disbursements of this action, reasonable attorney's fees, and all such other and further relief as this Court deems just and proper.

Dated: October 1, 2021
Kingston, New York

Yours, etc.,

JOHN A. DeGASPERIS, ESQ.
BASCH & KEEGAN, LLP
Attorney for Plaintiff
307 Clinton Avenue
P.O. Box 4235
Kingston, New York 12402
Tel: (845) 338-8884